UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STEVE BLAKE, individually and as Successor-in-Interest to Carl Blake, deceased,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SACRAMENTO; SACRAMENTO POLICE DEPARTMENT; RICK BRAZIEL, in his official capacity as chief of police for the City of Sacramento and the Sacramento Police Department; and DOE OFFICERS 2 through 5, and DOES 6-50, inclusive,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:12-2061 WBS CKD<br><br>ORDER |

----oo0oo----

        Plaintiff Steve Blake initiated this action under 42 U.S.C. § 1983 on August 6, 2012. On September 17, 2012, defendants City of Sacramento and Rick Braziel filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and

1

a motion to strike pursuant to Rule 12(f).  Pursuant to Rule 15(a)(1)(B), plaintiff had twenty-one days from the date defendants' motion was served to amend his pleading "once as matter of course."  Fed. R. Civ. P. 15(a)(1)(B).  With the exception of filing an amended pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Plaintiff did not file an amended complaint within twenty-one days after service of defendants' motion,[1] but filed a First Amended Complaint, (Docket No. 12), and a separate "'Doe' amendment," (Docket No. 13), on October 17, 2012.  Plaintiff's First Amended Complaint was untimely under Rule 15(a)(1)(B) and will therefore be striken.

Plaintiff's purported "'Doe' amendment" will also be striken.  "The practice of 'Doe' pleading is not permitted by the Federal Rules of Civil Procedure [nor] by the United States Court of Appeals for the Ninth Circuit."  Ortiz v. Bank of Am., Civ. No. 81-298 LKK, 1982 WL 502, at *7 (E.D. Cal. Sept. 9, 1982) (internal quotation marks omitted) (alteration in original).  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

---

[1] Eastern District Local Rule 135(a) provides that "service" occurs when the "Notice of Electronic Filing" is automatically generated when a document is filed if counsel has consented to electronic service under Local Rule 135(g).  Here, plaintiff's counsel consented to electronic service and the docket reflects that notice of defendants' motion to dismiss and strike was electronically mailed to plaintiff's counsel on September 17, 2012.  Plaintiff therefore had twenty-one days from September 17, 2012, to file an amended complaint as a matter of course.

2

1  Cir. 1980).

2  Here, plaintiff's attempt to substitute Bonnie Ilene Wehe for "Doe 1" illustrates the reasons why Doe pleading is not allowed in the federal courts. In plaintiff's "'Doe' amendment," plaintiff simply states that he is substituting Wehe for "Doe 1." The amendment is void of any allegations putting Wehe on notice of how she allegedly violated plaintiff's rights and Wehe is not even listed as a defendant in the caption of the untimely First Amended Complaint. Plaintiff's "'Doe' amendment" will therefore be striken.

If plaintiff wishes to amend his Complaint or join Wehe or any other individuals as defendants in this action, he may do so by seeking leave of court. Because the court is issuing a Status (Pretrial Scheduling) Order simultaneously with this Order, any motion for leave to amend would be governed by Rule 16. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").

IT IS THEREFORE ORDERED that Docket Nos. 12 and 13 be, and the same hereby are, stricken.

DATED: November 6, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE