JAMES SANCHEZ, City Attorney (SBN 116356)
**SHERI M. CHAPMAN, Senior Deputy City Attorney (SBN 215775)**
SChapman@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Telecopier:  (916) 808-7455

Attorneys for the CITY OF SACRAMENTO
And RICK BRAZIEL

**JOHN C. MILLER, JR.,#143323**
MILLER LAW, INC.
A Professional Law Corporation
MAILING ADDRESS:
Post Office Box 700
Folsom, California 95763-0700
Phone: (916) 351-1200
Fax: (916) 351-1244
Email: jmiller@millerlawinc.com

Attorneys for Plaintiff STEVE BLAKE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE BLAKE, individually and as Successor-in-Interest to Carl Blake, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, RICK BRAZIEL, et al.<br><br>Defendants. | Case No.:  2:12-CV-02061-WBS-KJN<br><br>**STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION** |

1.    <u>PURPOSES AND LIMITATIONS</u>

     Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Eastern District Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1  Challenging Party: a Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3  Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record (and their support staffs).

2.7  Producing Party:  a Party that produces Disclosure or Discovery Material in this action.

280511

2.8  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.10 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

1  reviews of this action, including the time limits for filing any motions or applications for

2  extension of time pursuant to applicable law.

3  5.      DESIGNATING PROTECTED MATERIAL

4      5.1 Exercise of Restraint and Care in Designating Material for Protection. Each

5  Party that designates information or items for protection under this Order must take care to

6  limit any such designation to specific material that qualifies under the appropriate standards.

7  The Designating Party must designate for protection only those parts of material, documents,

8  items, or oral or written communications that qualify – so that other portions of the material,

9  documents, items, or communications for which protection is not warranted are not swept

10  unjustifiably within the ambit of this Order.

11      5.2  Manner and Timing of Designations.  Except as otherwise provided in this Order

12  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

13  Disclosure or Discovery Material that qualifies for protection under this Order must be

14  clearly so designated before the material is disclosed or produced.

15      Designation in conformity with this Order requires:

16      (a)   for information in documentary form (e.g., paper or electronic documents,

17  but excluding transcripts of depositions or other pretrial or trial proceedings), that the

18  Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected

19  material. If only a portion or portions of the material on a page qualifies for protection, the

20  Producing Party also must clearly identify the protected portion(s) (e.g., by making

21  appropriate markings in the margins).

22      A Party or Non-Party that makes original documents or materials available for

23  inspection need not designate them for protection until after the inspecting Party has

24  indicated which material it would like copied and produced. During the inspection and

25  before the designation, all of the material made available for inspection shall be deemed

26  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

27  copied and produced, the Producing Party must determine which documents, or portions

28  thereof, qualify for protection under this Order. Then, before producing the specified

documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party either (1) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; or (2) within ten days thereof provide written notice that such testimony is confidential.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Challenges.  Any Party may challenge a designation of confidentiality.

6.2  Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating

1   Party an opportunity to review the designated material, to reconsider the circumstances, and,

2   if no change in designation is offered, to explain the basis for the chosen designation. A

3   Challenging Party may proceed to the next stage of the challenge process only if it has

4   engaged in this meet and confer process first or establishes that the Designating Party is

5   unwilling to participate in the meet and confer process in a timely manner.

6       6.3 Judicial Intervention.   If the Parties cannot resolve a challenge without court

7   intervention, the parties may file an appropriate motion with the court in compliance with

8   Local Rule 251.

9   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

10      7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed

11  or produced by another Party or by a Non-Party in connection with this case only for

12  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

13  disclosed only to the categories of persons and under the conditions described in this Order.

14  When the litigation has been terminated, a Receiving Party must comply with the provisions

15  of section 13 below (FINAL DISPOSITION).

16      Protected Material must be stored and maintained by a Receiving Party at a location and

17  in a secure manner that ensures that access is limited to the persons authorized under this

18  Order.

19      7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

20  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

21  disclose any information or item designated "CONFIDENTIAL" only to:

22          (a)  the Receiving Party's counsel of record in this action, as well as employees

23  of said counsel to whom it is reasonably necessary to disclose the information for this

24  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

25  attached hereto as Exhibit A;

26          (b)  the officers, directors, and employees of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the

28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL
INFORMATION

280511

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

///

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.   MISCELLANOUS

12.1 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing

STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION

any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.2 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

280511

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   DATED:  February 19, 2013

3                                                    /s/ John C. Miller, Jr.
                                                     **JOHN C. MILLER, JR.**
4                                                    MILLER LAW, INC.
                                                     Attorneys for Plaintiff
5                                                    STEVE BLAKE

6

7   DATED:  February 19, 2013              JAMES SANCHEZ,
                                           City Attorney
8

9                              By:   /s/ Sheri M. Chapman
                                     **SHERI M. CHAPMAN**
10                                   Senior Deputy City Attorney
                                     Attorneys for Defendants
11                                   CITY OF SACRAMENTO and
                                     RICK BRAZIEL
12

13  PURSUANT TO STIPULATION, IT IS SO ORDERED.

14

15  **Date:  2/20/2013**

16

17                              KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL
INFORMATION
280511

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ (print or type full name), of _____ (print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of <u>Steven Blake v. City of Sacramento, et al</u>., Eastern District Court Case No., 2:12-CV-02061-WBS-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION

280511