1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

12

13

14

15

16

17

18

19

20

21

22

STEVE BLAKE, individually and as
Successor-in-Interest to Carl
Blake, deceased,

                   Plaintiff,

        v.

CITY OF SACRAMENTO; SACRAMENTO
POLICE DEPARTMENT; RICK BRAZIEL,
in his official capacity of
chief of police for the City of
Sacramento and the Sacramento
Police Department; and DOE
OFFICERS 1 through 5, and DOES
6-50, inclusive,

                   Defendants.

CIV. NO. 2:12-2061 WBS KJN


ORDER RE: MOTION FOR SUMMARY
JUDGMENT

23

24

25

26

27

28

----oo0oo----

        Plaintiff Steve Blake filed this civil rights action

under 42 U.S.C. § 1983 after his son was allegedly shot and

killed by officers of the Sacramento Police Department.  On

December 27, 2013, defendants filed a motion for summary

1

judgment.[1]   (Docket No. 35.)   In plaintiff's opposition, (Docket No. 42), and in a separate declaration, (Docket No. 45), plaintiff's counsel requests that the court deny or defer consideration of the motion pursuant to Federal Rule of Civil Procedure 56(d).[2]

Rule 56(d) provides that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  For a court to grant a Rule 56(d) request, the party so requesting "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (citing California v. Campbell, 138

---

[1]    After the motion for summary judgment was filed, plaintiff filed a Second Amended Complaint ("SAC") adding Officer Ronald Chesterman as a defendant.  (Docket No. 39.)  Defendants deemed the SAC applicable to their pending motion for summary judgment.  (Docket No. 37.)
    Plaintiff also joined decedent's mother as a nominal defendant, as she is an heir to decedent and California law requires a single wrongful death action in which all the decedent's heirs must join.  (Docket No. 28.)  All references to "defendants" herein pertain only to the City of Sacramento, Sacramento Police Department, Rick Braziel, and Ronald Chesterman.
[2]    Because oral argument would not be of material assistance, the court orders this matter submitted on the briefs pursuant to Eastern District Local Rule 230(g).  The hearing set for March 10, 2014, shall be vacated.

2

F.3d 772, 779 (9th Cir. 1998)).

"Courts are reluctant to deny Rule 56(d) requests." Freeman v. ABC Legal Servs., Inc., 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011).  Typically, "unless plaintiffs failed to exercise due diligence in conducting discovery, filed an untimely Rule 56(d) request, or failed to explain how additional facts would oppose summary judgment, the request is generally granted with liberality."  Id.

In his declaration, plaintiff's counsel, John C. Miller, Jr., sets forth the following facts he hopes to elicit from further discovery: (1) the city's policies, customs, and practices relating to the use of force, especially relating to mentally ill individuals; (2) prior excessive force lawsuits against the city relating to mentally ill individuals; (3) training practices relating to the use of force generally and with respect to mentally ill individuals, as well as the training files of each of the officers involved; (4) the city's supervision of employees relating to the use of force, deadly force, and detention of individuals, including mentally ill individuals; and (5) defendants' disciplinary practices and any disciplinary actions taken against the defendant officers. (Miller Decl. ¶¶ 7-18 (Docket No. 45).)

Miller contends that defendants either objected or provided no substantive responses to his interrogatories and requests for production on these subjects and explains that he plans to file a motion to compel further responses and production of documents.  (Id. ¶ 19.)  Although he does not specifically

3

state which facts he seeks to elicit via deposition, Miller also asserts that "additional documentation is necessary in order for Plaintiff to meaningfully take the depositions of defendants." (Id.)

Having set forth which facts he seeks in further discovery, plaintiff must next show that "the facts sought exist." Family Home & Fin. Ctr., Inc., 525 F.3d at 827. Defendants contend that they have already produced all relevant documents relating to policies and training procedures in response to plaintiff's discovery requests. (Defs.' Reply at 5:3-10 (Docket No. 46).)  However, defendants admit that some of the requested documents, such as the training files of the individual officers, exist but they assert that plaintiff may obtain such documents only by filing a specific motion.  (Id. at 5:10-15.)  Moreover, defendants objected to several of plaintiff's other requests on vagueness, relevance, confidentiality, or privacy grounds, rather than contending that plaintiff was already in possession of the requested documents, as defendants asserted with many of plaintiff's other requests. (See, e.g., Miller Decl. ¶¶ 12-13, 15, 17-18.)  The merits of these discovery disputes are irrelevant to plaintiff's Rule 56(d) request.  For the purposes of the present request, the court is satisfied that a sufficient number of facts plaintiff seeks to elicit in further discovery exist.

Finally, plaintiff must show that the facts sought are essential to opposing summary judgment.  Most of the facts plaintiff seeks relate to his claim against the city under the

4

doctrine of <u>Monell v. Department of Social Services of New York</u>, 436 U.S. 658 (1978).  To establish a <u>Monell</u> claim, plaintiff must demonstrate injury from the "government's policy or custom."  <u>Id.</u> at 694.  Plaintiff also asserts municipal liability under various specific theories including a failure to train, <u>see</u> <u>Connick v. Thompson</u>, --- U.S. ----, 131 S.Ct. 1350, 1359 (2011), failure to supervise, <u>see</u> <u>Henry A. v. Willden</u>, 678 F.3d 991, 1003-04 (9th Cir. 2012), and failure to discipline, <u>see</u> <u>Menotti v. City of Seattle</u>, 409 F.3d 1113, 1147 (9th Cir. 2005).  Nearly all of the facts plaintiff seeks are directly relevant to establishing liability under one of these theories.  For example, it is difficult to imagine plaintiff establishing failure to train or failure to discipline liability without such information as the individual officers' training and personnel files.  Plaintiff has therefore demonstrated that "the sought-after facts are essential to oppose summary judgment."  <u>Family Home & Fin. Ctr., Inc.</u>, 525 F.3d at 827.

Although defendants vigorously contend that plaintiff has not been diligent in seeking discovery, (<u>see, e.g.,</u> Defs.' Reply at 1:25-2:7, 3:8-4:25), the parties had stipulated to extend the deadline for discovery to July 7, 2014, (Oct. 3, 2013, Stipulation and Order (Docket No. 33)).  Plaintiff's counsel further avers that defendants filed the present motion for summary judgment with "no indication that such a motion was forthcoming."  (Miller Decl. at 2:13-14.)  The court is mindful of defendants' concerns and, while plaintiff's conduct does not preclude a finding of good faith at this time, continued delay in

seeking discovery would likely prevent this court from granting a second Rule 56(d) request.

Accordingly, because plaintiff has demonstrated the existence of further facts he hopes to elicit in discovery that would be essential to opposing summary judgment, the court will defer consideration of defendants' motion for summary judgment until the parties resolve their discovery disputes.[3]

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be, and the same hereby is, DENIED without prejudice.

Dated:  March 5, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]     The court grants plaintiff's Rule 56(d) request without considering the merits of plaintiff's claims or defendants' arguments in support of their summary judgment motion.

6